# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| EDWARD P. MORSE and MORSE FAMILY LLC #1, <br><br> Plaintiffs, <br><br> vs. <br><br> SEG US 95, LLC, <br><br> Defendant. | Case No.: 09-CV-541-EJL-REB <br><br> **MEMORANDUM DECISION AND ORDER RE:** <br><br> **PLAINTIFFS' MOTION FOR RELIEF FROM PRETRIAL ORDER (Docket No. 16)** <br><br> **SEG US LLC'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY (Docket No. 19)** |

Currently pending before this Court are the following: (1) Plaintiffs' Motion for Relief from Pretrial Order (Docket No. 16); and (2) SEG US LLC's Motion in Limine to Exclude Expert Testimony (Docket No. 19).[1] Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. BACKGROUND

The two at-issue Motions speak to same subject matter - specifically, the extent of Bruce Jolicoeur's expert opinion at trial. Mr. Jolicoeur, a professional real estate appraiser, is one of Plaintiffs' experts.

---

[1] These Motions are the only ones referred to the undersigned. *See* 1/14/10 Sched. Order, p. 3 (Docket No. 12) ("All nondispositive pretrial matters are referred to United States Magistrate Judge Ronald E. Bush."). Defendant's pending Motion for Partial Summary Judgment (Docket No. 29) remains with U.S. District Judge Edward J. Lodge.

**MEMORANDUM DECISION AND ORDER - 1**

Pursuant to the Court's January 14, 2010 Scheduling Order, "[t]he Plaintiffs shall disclose expert witnesses and the expected testimony of those witnesses on or before July 1, 2010. The Defendant shall disclose expert witnesses and the expected testimony of those witnesses on or before August 2, 2010. All rebuttal experts shall be disclosed on or before September 1, 2010." *See* 1/14/10 Sched. Order, p. 1 (Docket No. 12). Although retained before July 1, 2010,[2] due to his work schedule, Mr. Jolicoeur "was unable to undertake an appraisal of the subject property for the purpose of offering particular damage valuation testimony" ahead of the disclosure deadline. *See* Pls.' Motion for Relief from Pretrial Order, p. 1 (Docket No. 16).

Recognizing a potential issue with respect to the timing of Mr. Jolicoeur's opinions vis à vis the Scheduling Order, on June 15, 2010, Plaintiffs' counsel emailed Defendant's counsel to request an extension of time to accommodate Mr. Jolicoeur's schedule:

> I have an expert witness disclosure in this case due at the end of the month. I am working on it, but am going to need an additional 30 days for my appraiser disclosure. Will this be acceptable? In the meantime, it makes sense to have the mediation date deadline put out 30 days. Will this be acceptable? If so, I'll prepare a stipulation.

*See* 6/15/10 emails, Ex. 1 to Ramsden 8/25/10 Aff. at ¶ 4 (Docket No. 17).[3] Later that day, Defendant's counsel responded: "I tried to call, but they said you're out. I hate to interrupt your vacation, but we should speak about this." *See id.*[4] Finally, Plaintiffs' counsel responded:

---

[2] Defendant argues that Mr. Jolicoeur "was engaged by Plaintiffs on June 18, 2010" and "did not start work on the case until June 21, 2010." *See* Def.'s Mem. in Supp. of Mot. in Limine, p. 5 (Docket No. 20). Plaintiffs do not disagree. Therefore, it appears undisputed that Plaintiffs actually retained Mr. Jolicoeur less than two weeks before the July 1, 2010 expert disclosure deadline.

[3] At this time, it is not certain whether Mr. Jolicoeur had even been retained by Plaintiffs. *See supra* at p. 2, n. 2.

[4] It is not clear to the Court the exact meaning of Defendant's counsel's response; that is, whether a discussion was needed to address experts, the mediation, or both.

**MEMORANDUM DECISION AND ORDER - 2**

"Well, if you can't agree fine. I'll comply with the pretrial order." *See id*. On July 1, 2010, Plaintiffs served their expert witness disclosures, identifying Mr. Jolicoeur and two other expert witnesses. *See* Ex. 1 to Nelson 9/3/10 Dec. at ¶ 2 (Docket No. 21). Mr. Jolicoeur's July 1, 2010 correspondence to Plaintiffs' counsel - his "written report" - was attached to Plaintiffs' expert witness disclosures.

Mr. Jolicoeur's 3-page report identifies his professional background, his scope of work, a description of the property involved in this action, and, "based on [his] preliminary analysis," only "[a description of] potential damages." *See id*., Ex. 2 at ¶ 3; *see also* Ealy 8/25/10 Aff. at ¶ 4 (Docket No. 18) ("[A]lthough Mr. Jolicoeur's July 1, 2010, Expert Witness Statement sets forth a bullet outline of those matters upon which he anticipates offering expert testimony following the completion of his appraisal work, the statement sets forth no specific damage valuation testimony."). Consistent with the fact that the report contains no opinion testimony as to any actual damages, Mr. Jolicoeur goes on to state:

> After collecting and analyzing these data, I will develop the appropriate appraisal analyses and form my final opinions of value. The results of my research and analysis will be summarized in a written appraisal report to be delivered upon its completion at a future date.

*See* Ex. 2 to Nelson 9/3/10 Dec. at ¶ 3 (Docket No. 21).

Mr. Jolicoeur was deposed on July 29, 2010.[5] At his deposition, Mr. Jolicoeur confirmed the preliminary nature of his July 1, 2010 report, explaining that his damage valuation testimony

---

[5] Plaintiffs seem to take issue with the manner in which Mr. Jolicoeur's deposition was originally noticed. *See* Ealy 8/25/10 Aff. at ¶ 5 (Docket No. 18) ("On or about July 14, 2010, without advance notice to the Plaintiffs, the Defendants undertook to subpoena and notice the Plaintiffs' disclosed experts, including Mr. Jolicoeur, for depositions *duces tecum* on July 23, 2010."). The Court takes not position on this point as it is not dispositive of any issue presented in the parties' Motions. Moreover, it is noted that Mr. Jolicoeur's deposition was rescheduled to the mutual convenience of the parties and expert witnesses. *See id*.

**MEMORANDUM DECISION AND ORDER - 3**

would necessarily be dependent upon him completing an appraisal. *See* Ealy 8/25/10 Aff. at ¶ 5 (Docket No. 18). Still, it is undisputed that as of the July 1, 2010 expert disclosure deadline (and, even, as of his July 29, 2010 deposition), Mr. Jolicoeur had not reached any definitive conclusions, testifying:

> Q: I take it that as of July 1, 2010, you had not reached conclusions as to whether those damages had actually occurred or what the value of those might be?
>
> A: That's correct. My goal here was to identify those areas which at this preliminary stage had the potential to cause damages to the property.
>
> Q: And you haven't done any work since then in order to prepare either the conclusions regarding the fact of actual damage or the amounts thereof?
>
> A: No, I have not.

*See* 7/29/10 Jolicoeur Dep. at 26:6-16, Ex. 4 to Nelson 9/3/10 Dec. at ¶ 5 (Docket No. 21).

On August 26, 2010, Plaintiffs sought leave to disclose Mr. Jolicoeur's supplemental expert report beyond the July 1, 2010 deadline. *See* Pls.' Mot. for Relief from Pretrial Order, p. 1 (Docket No. 16).[6] In contrast, on September 3, 2010, Defendant requested that Mr. Jolicoeur's opinions be excluded. *See* Def.'s Mem. in Supp. of Mot. in Limine, p. 2 (Docket No. 20).

## II. DISCUSSION

District courts have broad discretion in supervising the pretrial phase of litigation. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Once a district court

---

[6] Mr. Jolicoeur has since completed his supplemental expert report, dated September 10, 2010. *See* Ex. 2 to Ealy 9/23/10 Supp. Aff. at ¶ 4 (Docket No. 24). On or around that same date, Plaintiffs' counsel provided Defendant's counsel with Mr. Jolicoeur's September 10, 2010 report. *See id.*, Ex. 2 at ¶ 3.

**MEMORANDUM DECISION AND ORDER - 4**

has issued its scheduling order, Rule 16 sets the standard for modifying the schedule. That standard requires "good cause with the judge's consent" to modify a scheduling order. *See* Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. *See Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 Advisory Committee's Note (1983)). Although the existence of prejudice to the party opposing the modification may supply reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.*[7] Here, Plaintiffs ask the Court to extend the July 1, 2010 expert disclosure deadline, thus amending the January 14, 2010 Scheduling Order; therefore, Rule 16(b)'s good cause standard applies.

Plaintiffs fail to demonstrate good cause. The reasons for that conclusion by the Court are set out to follow. However, the Court also believes that the factual circumstances that are the backdrop of this Motion are of a nature ordinarily resolved by agreement between counsel. Granted, a request for an extension of an expert witness disclosure deadline is not the regular, nor ideal, occurrence in the progress of litigation in a lawsuit such as this. When the Court

---

[7] Federal courts have interpreted this general rule such that a party may establish good cause by showing:

> (1) that [it] was diligent in assisting the Court in creating a workable Rule 16 order . . .; (2) that [its] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . .; and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could not comply with the order.

*Robertson v. Sadjak*, 2010 WL 1418393, *4 (D. Idaho. 2010) (unpublished) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (N.D. Cal. 1999)).

**MEMORANDUM DECISION AND ORDER - 5**

issues a pretrial scheduling order, that order becomes the framework on which the litigation of the case proceeds, so that the parties, lawyers, and the Court share an expected sequence of events and orderly progression of the case. But in every busy trial lawyer's office, it sometimes becomes necessary for that framework to be remodeled as the case proceeds. There are any number of such reasons that may justify such a remodeling, and often such reasons are not necessarily important to the Court so long as the parties and their counsel have agreed upon revisions to deadlines and the ultimate goal – to move the case toward trial in an orderly and efficient manner – is not compromised. Sometimes, the reason may have nothing to do with the particular case – perhaps a lawyer and his/her office have been submerged in an all-consuming trial in another case, or perhaps a lawyer or a member of his/her family has been experiencing a personal crisis. But for nearly every lawyer, there are occasions when deadlines are nigh and the ability to meet those deadlines is in question. Such circumstances apparently led to the request made here by Plaintiffs' counsel to Defense counsel, and experienced lawyers who have been on both sides of those circumstances far in advance of trial are generally obliging when a request is made to extend a deadline, even when to do so would mean, by necessity, that there be a larger remodeling of the scheduling order in fairness to all.

The Court knows nothing, beyond the limited outline of the record, of the reasons that prevented such an agreement here. What has been left before the Court is a request for an extension of a scheduling order deadline that, when viewed against the good cause standards that the Court must employ, is not justified on this record, even though in many cases such an extension might well have been agreed upon as a matter of professional courtesy. Instead, the argument made and the decision requested by the Defendant sets a hard line that may color the

**MEMORANDUM DECISION AND ORDER - 6**

future professional relationships between these particular counsel, and perhaps their larger offices as well. And, if the issue comes before this Court again in the future but with the counsel on different sides of the argument, opposing counsel no doubt would ask that the decision run in the same direction.

Nonetheless, the Court must decide the dispute over the requested deadline extension and the evidence implicated thereby. First, as shown by the email correspondence between counsel (*see supra* at pp. 2-3), Plaintiffs were aware of the possible need to amend the Scheduling Order as of June 15, 2010 (approximately two weeks before the July 1, 2010 expert disclosure deadline), particularly given the uncertainty with respect to any (lack of a) stipulation among the parties addressing Mr. Jolicoeur's work schedule and need for more time. Plaintiffs waited until August 26, 2010 to request the relief they now seek. Further, Plaintiffs' argument that they "sought amendment to the Scheduling Order when it became apparent to the Plaintiffs that the Defendant would seek to exclude Mr. Jolicoeur's testimony by pretrial motion" is not evidence of diligence in meeting the Scheduling Order's deadlines upfront when, in fact, the relevant deadline had already come and gone. *See* Pls.' Resp. to Def.'s Mot. in Limine, p. 7 (Docket No. 23). Rather, Plaintiffs were attempting to remedy a problem already in place.

Second, and most importantly for purposes of this Motion, since January 14, 2010, Plaintiffs were aware of the need to disclose their experts by July 1, 2010. However, based upon the record, Plaintiffs did not retain Mr. Jolicoeur until June 18, 2010 - less than two weeks before the July 1, 2010 disclosure deadline. *See supra* at p. 2, n. 2. In the Court's experience, two weeks is an extraordinarily short deadline for a real estate appraiser to produce a valuation report, both because (1) good appraisers are generally busy, and (2) it takes some time to research the market, gather the comparables, craft the report, and so on. Plaintiffs offer no

explanation for not securing Mr. Jolicoeur's services earlier. *See, e.g.*, Def.'s Mot. in Limine Reply Mem., pp. 1-2 (Docket No. 26) ("[P]laintiffs assiduously ignore the most important, and undisputed, fact in the record: Plaintiffs knew of the need for expert appraisal testimony for more than ten months[8] before their expert reports were due, but did not even *contact* Jolicoeur until a mere 12 days before the disclosure deadline) (emphasis in original). Accordingly, Plaintiffs were not diligent in meeting their expert disclosure obligations within the time period set forth in the Court's Scheduling Order.

Together, these reasons do not warrant either an amendment to the January 14, 2010 Scheduling Order or, likewise, an extension of time beyond July 1, 2010 for Plaintiffs to identify and disclose their expert witnesses pursuant to the applicable Local and Federal Rules.[9] Simply put, there is no good cause to do so under Rule 16(b)(4).

Rule 37(c)(1) provides for the "automatic" and "self-executing" exclusion of an expert witness if the discovery rules have not been complied with, stating:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing,

---

[8] Presumably, Defendant's reference to "ten months" is based upon the time in between Plaintiffs becoming aware of their alleged damages (even before the October 23, 2009 filing of their Complaint) and the July 1, 2010 expert disclosure deadline.

[9] The Court is also not persuaded that Rule 26(e)(2) endorses Plaintiffs' conduct here. In the Court's mind, Rule 26(e)(2) speaks to the supplementation of an expert report already in compliance with Rule 26(a)(2)(B); it does not allow for the supplementation of a previously incomplete report. *See Luke v. Family Care and Urgent Med. Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009) ("Nor does Rule 26(e) create a loophole through which a party who submits partial expert witness disclosures . . . can add to them to her advantage after the court's deadline for doing so has passed."). Mr. Jolicoeur's July 1, 2010 report was (even according to him) not complete and, therefore, not in accordance with Rule 26(a)(2)(B). Rule 26(e) cannot now serve to remedy these deficiencies.

**MEMORANDUM DECISION AND ORDER - 8**

or at a trial, unless the failure was substantially justified or is harmless.

See Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 37 Advisory Committee's Note (1993); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). Two express exceptions to the sanction exist: "The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Yeti*, 259 F.3d at 1106. Neither of these exceptions applies here.

For the reasons already discussed (*see supra* at pp. 5-8), Plaintiffs' lack of diligence in satisfying Rule 26(a)(2)(B)'s report criteria by July 1, 2010, similarly translates into Plaintiffs' lack of substantial justification for not complying with the Court's Scheduling Order. Also, while Mr. Jolicoeur finally completed his report on September 10, 2010 (*see supra* at p. 4, n. 6), the deadlines for all experts (including Defendant's and Plaintiffs' own rebuttal experts) had passed in the meantime, while crowding up against the October 1, 2010 discovery deadline and the November 1, 2010 pre-trial motions deadline. These realities, notwithstanding Plaintiffs' willingness to re-open Mr. Jolicoeur's deposition or otherwise work around the already-passed deadlines, are not harmless when recognizing the lock-step preparation needed to defend against claims at trial - exactly what the Scheduling Order seeks to accomplish. On this issue, the U.S. District Court for the District of Nevada recently held:

> As the Ninth Circuit has recognized, courts enter scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." Therefore, when a party fails to identify expert witnesses, and provide the disclosures required by

**MEMORANDUM DECISION AND ORDER - 9**

> rule 26(a)(2) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and other parties in that manner is not harmless."

*Kjaer v. HGN, Inc.*, 2010 WL 1052211, *3 (D. Nev. 2010) (unpublished) (quoting *Wong v. Regents of the Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005)). In other words, Plaintiffs' failure to meet their expert disclosure deadline was not substantially justified and caused harm to Defendant. *See Robertson v. Sadjak*, 2010 WL 1418393 (D. Idaho 2010) (unpublished) (excluding expert testimony under Rule 37(c) based upon failure to comply with scheduling order and Rule 26(a)(2)(B), even without pending trial date).

With all this in mind, the Scheduling Order's July 1, 2010 expert disclosure deadline is not amended to accommodate Mr. Jolicoeur's September 10, 2010 expert report. Relatedly, pursuant to Rule 37(c)(1), Mr. Jolicoeur's September 10, 2010 expert report is excluded. Unless a separate basis exists to also exclude Mr. Jolicoeur's July 1, 2010 report (the undersigned takes no position on this issue at this time), Plaintiffs are permitted to utilize the scope of the testimony contained in that report and in Mr. Jolicoeur's July 29, 2010 deposition testimony at trial.

### III.  ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that (1) Plaintiffs' Motion for Relief from Pretrial Order (Docket No. 16) is DENIED; and (2) SEG US LLC's Motion in

///
///
///
///
///

Limine to Exclude Expert Testimony (Docket No. 19) is GRANTED as to any matters not within the scope of Mr. Jolicoeur's July 1, 2010 report or his July 29, 2010 deposition.



DATED: **February 28, 2011**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 11**